**COMP**
CLARK SEEGMILLER, ESQ.
Nevada Bar No. 3873
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Facsimile: (702) 444-4455
Email: clark@richardharrislaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEVADA

EILEEN MORELOS, Individually,

    Plaintiff,

vs.

ZEPHYR COVE STABLES, LLC, a Nevada Corporation.

    Defendants.

CASE NO.  3:22-cv-204
DEPT. NO.

## COMPLAINT
### Trial by Jury Requested

Plaintiff EILEEN MORELOS, Individually, by and through her attorney of record, CLARK SEEGMILLER, ESQ., of the RICHARD HARRIS LAW FIRM, complains against Defendants as follows:

### PARTIES

1. That Plaintiff, EILEEN MORELOS, (hereinafter "Plaintiff") is, and at all times mentioned herein was, a resident of the County of Los Angeles, State of California.

2. Based upon information and belief, Plaintiffs hereby allege that at all times referenced herein, ZEPHYR COVE STABLES, LLC, is, a Nevada Corporation, registered and qualified to do business, and in fact doing business in the state of Nevada as ZEPHYR COVE STABLES, including, without limitation, at or near 825 US-50, Zephyr Cove, Nevada.

## JURISDICTION AND VENUE

3. This Court holds actual jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a), since this action is a controversy wholly between citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

4. Venue is properly before this Court under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to this claim occurred in the state of Nevada.

## BACKGROUND

5. At all times material hereto and specifically on July 22, 2021, Plaintiff EILEEN MORELOS was an invitee at the property leased, owned or operated by Defendant ZEPHYR COVE STABLES.

6. At all times material hereto and specifically on July 22, 2021, Defendant ZEPHYR COVE STABLES, acting through its employees, owners, representatives, and/or agents positioned Plaintiff at or near or in proximity to the edge of a cliff or a lookout point in order to take a group photo. In the course of taking the photo the horse which Defendant ZEPHYR COVE STABLES carelessly, recklessly, and negligently assigned and equipped Plaintiff EILEEN MORELES to ride, stepped backward off the edge of the cliff or lookout point, causing Plaintiff to careen over and tumble down the side.

7. That Defendant, ZEPHYR COVE STABLS, through its employees, owners, representatives, and/or agents, knew or should have known that the cliff or lookout point represented a dangerous latent condition to Plaintiff.

8. That Defendant, ZEPHYR COVE STABLES, through its employees, owners, representatives, and/or agents, gave the instruction to Plaintiff and her group on where to be positioned to take a group photo, that location being directly in front of the cliff or lookout point.

9. That as a direct proximate result of the careless, reckless, and negligent acts of Defendant, ZEPHYR COVE STABLES, Plaintiff was caused to be thrown over the cliff down the hillside, and was caused to suffer serious and permanent injuries to her person. The Plaintiff would show that she suffered injuries to her head, face, neck, back, arms, and legs, along with injury to her skeletal system, muscular system, and nervous system.

10. Plaintiff would show that she has had to be treated by doctors and other practitioners

and has been caused to suffer great pain, severe shock, and intense mental anguish, and she is expected to suffer more of the same in the future as a result of the injuries she sustained in this incident. The Defendant's negligence has directly caused the Plaintiff to have already incurred hospital, medical and drug expenses, and loss of income, and she will reasonably expect to incur further such expenses in the future.

## CAUSE OF ACTION: NEGLIGNECE

11.     Defendant ZEPHYR COVE STABLES was negligent in its actions and/or omissions in operating and/or maintain the premises upon which Plaintiff was an invitee included, but not limited to, in the following

a. Allowing Plaintiff to be positioned on horseback near a dangerous latent condition that was known or should have been known to Defendant ZEPHYR COVE STABLES;

b. Failing to supervise, control, and manage the horseback riding excursion such that Plaintiff would not fall over a cliff or lookout point;

c. Acting willfully and/or wantonly in disregard of Plaintiff's safety by positioning her horse in close proximity to the edge of a cliff or lookout point;

d. Failing to act responsibly while conducting a horseback riding excursion; and

e. Failing to disclose to Plaintiff the inherent risks associated with a horseback riding excursion might include falling over the edge of a cliff or lookout point;

f. Failing to make reasonable efforts to determine Plaintiff's ability to engage safely in the horseback riding excursion;

g. Failing to make reasonable efforts to determine Plaintiff's ability to control a horse in an instance when positioned near the edge of a cliff or lookout point; and

h. Negligently trained, instructed, supervised, hired, and trained staff in conducting horseback riding excursions such that participants, including Plaintiff, would not fall down a cliff or lookout point.

12.     That Defendant ZERPHYR COVE STABLES owed Plaintiff EILEEN MORELOS a duty of care to participate in a horseback riding excursion was free of defect, dangerous conditions


RICHARD HARRIS
LAW FIRM

and/or unreasonable threat to bodily harm.

13.    As a direct and proximate result of the foregoing acts of negligence and gross negligence committed by the Defendant, Plaintiff EILEEN MORELOS was hurt and injured in her health, strength, and activity, sustaining injury to her nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical, emotional, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that these injuries will result in permanent disability to her. As a result of these injuries, Plaintiff EILEEN MORELOS has suffered general damages.

14.    That Defendants knew, or in the exercise of reasonable diligence should have known that placing invitees of ZEPHYR COVE STABLES, and specifically Plaintiff EILEEN MORELOS, at the edge of a cliff or lookout point, posed a condition which was dangerous to the health and safety of the invitees of the Defendants, and specifically to Plaintiff EILEEN MORELOS.

15.    That as a direct and proximate cause of the aforesaid negligence, carelessness and/or recklessness of the Defendants, Plaintiff EILEEN MORELOS sustained severe injuries and damages, some of which may be permanent in nature.

16.    Said injuries to Plaintiff EILEEN MORELOS also caused severe pain and suffering, medical damages and expenses, embarrassment and emotional distress, all to her general and special damages in a sum in excess of the jurisdictional threshold of this Court.

17.    As a direct and proximate result of Defendants', and each of them, negligence as described herein, Plaintiff has been required to retain the services of an attorney, and therefore, is entitled to recover reasonable attorney fees, costs of suit, and pre-and post-judgment interest, as applicable.

18. As a direct and proximate result of Defendant's negligence as described herein, Plaintiff has been required to retain the services of an attorney, and therefore, is entitled to recover reasonable attorney fees, costs of suit, and pre-and post-judgment interest, as applicable.

WHEREFORE, Plaintiff expressly reserving the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff according to proof;
2. For special damages sustained by Plaintiff according to proof;
3. For loss of earning according to proof;
4. For reasonable attorney's fees and costs of suit incurred;;
5. For such other relief as the Court deems just and proper.

DATED THIS 27TH day of April 2022.

**RICHARD HARRIS LAW FIRM**

 /s/ Clark Seegmiller, Esq.
CLARK SEEGMILLER, ESQ.
Nevada Bar No. 3873
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*